Angle, J.
The first exception taken by defendant is as follows : The plaintiff in his own behalf had testified, among other things, to conversations with defendant and his son, Isador, and said, “ The paper giving the dimensions of the work I made and *493 gave to Isador Michael.” Plaintiff asks defendant to produce paper he had served notice of, defendant declined to produce it. Q. Is that the paper you have reference to that we have given them notice to produce ? Objection made as improper, immaterial and irrelevant. Overruled and exception given to defendant. A. Yes, that is the paper.” There is clearly no error in this.
The plaintiff still testifying to conversations between himself and Isador, says, “ I remember he told me to figure that up and make it as low as I could. At that time I put the time down on a piece of paper. I think this is the paper.” Paper shown witness, marked A. Defendant objected to the foregoing testimony for the reason that the pleadings show that the action is upon contract and that plaintiff has testified that it was upon written contract and that none of these conversations pretended to be had at anytime when the contract was made, and that it is improper, irrelevant and immaterial. Overruled and exception to defendant.
The above exceptions were made after plaintiff’s direct examination had been through about twelve folios relating mainly to conversations about the contemplated work. The defendant had no right to sit quietly .by and allow the testimony to be given and then object to the “foregoing testimony.” The objection that plaintiff has testified that the action was upon written contract was not true in fact, nor are any of the other objections well taken.
Plaintiff then testified that he thinks that when he got exhibit ready he gave it to Isador; he thinks defendant came in and they both looked it over. Plaintiff testifies that defendant produced a paper, a contract which he desired plaintiff to sign, but the latter refused to sign it. Plaintiff also testifies that he told defendant, “ I will sign that paper that I gave you and do all that paper calls for, he says, go up and see my son and see what you can do with him.” He then went to see the son and told him defendant had sent him to come to some conclusion about the work. He (Michaels) then said, “ Well, what conclusion do you want to come to ? I then said, “ I will sign that paper of mine and do what that paper calls for, for that amount of money.” He then said, “ Then there are some little things here that you agree to do • that are not on here.” I told him I would do these things . . .1 then said, “ To put you on the safe side, hand me a few sheets of paper and I will write another mentioning these few small articles.” He then handed me two sheets of paper. I wrote a little heading and then copied the items pretty near like A. I put a little heading at the top and the same items as on exhibit A, and other items. Isador stuck the two sheets together and plaintiff signed at the bottom; during the time defendant came in and looked it over and said, “ Now, Boehme *494 I want all this work done in one week.” Before I left the office I took exhibit A. and said to Isador Michaels, “ You won’twant this as you have the other and I will take exhibit A.” I put the paper in my pocket and went away. The other paper was left in defendant’s office, and plaintiff has not seen it since.
Exhibit A was then put in evidence, commencing with what seems to be a bill or estimate of quantity of timber and lumber followed by the items below:
Hemlock and labor.$96 00
7 M. shingling and labor . . . . 60 00
62 ft. 14 in. tin gutter . . . 10 00
90 ft. 12 in. cornice.18 50
1600 ft. 1 1-8 flooring .... 48 00
4 box window frames and shutters . . 48 00
2 new door frames and setting old door . 6 00
Setting 3 old windows . . . •. . 4 50
Setting 1 old door frame in back wall . 2 00
200 feet base . . . . . • 8 00
1250 feet 7-8 ceiling . . . . 44 00
Casing new sink.6 00
Removing rear stairs (old stairs) . . 10 00
One week’s work repairing all doors . . 18 00 Casing water closet in cellar .. . . 6. 00
Repairing fences.10 75
$465 50
Vestibule— '
Repair in rear part store, one balcony m front of main building and lattice work under rear porch . . . . . . 75 50
$540 00
On his direct examination plaintiff was asked, “ Did you go on and do this work of which exhibit A is a copy? A. Yes, I did all the work except the coal bins and knobs which defendant bought and T put on ; they were in my contract to put them on . . . the work was done in a proper and workmanlike manner.’
On cross-examination defendant’s counsel asked plaintiff “did. all the Hemlock charged in exhibit A, go into the house ? Objected to by plaintiff on the ground that it is contract work and defendant has not been charged with any of that material and witness did keep track of materials used on this contract. Objection sustained. Defendant has exception. Q. Did 7000 ■ shingles and labor as charged in exhibit A, go into that house ? Plaintiff raises the same objection as to last question, and further that it is not proper subject for cross-examination at this stage *495 of the proceedings. Objection sustained, defendant has exception. Q. Did the 62 feet 14 inches tin gutter go into defendant’s house set forth in exhibit A? Plaintiff raises same objection as to last question. Objection sustained. Defendant excepts. Q. Did you put 90 feet of 12 inch cornice in defendant’s building ? Plaintiff objects on the ground mentioned in last question as this work refers to contract work in exhibit A. Objection sustained. Defendant has exception. Q. Did you furnish 1600 feet 1-8 flooring in defendant’s building ? Plaintiff objects on same grounds as in last and as materials set forth in exhibit A. Objection sustained. Defendant has exception. Q. Did you furnish 4 box window frames and shutters in defendant’s building ? Plaintiff objects on same ground as last, and that it is not charged in items of account. Objection sustained. Defendant has exception.”
The above questions relate to items in exhibit A, which plaintiff recognizes as included in his contract and which 'he swears to the performance of. Indeed one of the grounds of objection stated was that it was included in the contract. Upon the question of the performance of that contract it was competent for defendant on cross-examination to ask plaintiff as to each item, the doing of which was requisite to performance, whether he had performed the labor or furnished the materials that item required. Defendant was not obliged to let the matter rest upon plaintiff’s general statement that he had gone on and done the work of which exhibit A is a copy.
It must be noticed that at the time the above rulings were made the list of items (copied mainly from- exhibit A) to which plaintiff had put a heading and had signed, had not been put in evidence. That paper was subsequently put in by defendant, and the heading to it is : “ Buffalo, Mar. 6, 1883. Mr. Michaels. Dear sir, I propose to do all the undersigned for the sum of five hundred and forty dollars, including to new finish first and second floors of rear building: first floor, two rooms, one partition, two thicknesses of 7-8 match lumber and ceil one room 8 feet high with 7-8 flooring; second floor, two rooms and hall from main building with shingled roof.”
Then follows the items in exhibit A, and several other items, including the coal bins and knobs mentioned. There is nothing in the contract as evidenced by this instrument that obviates the errors in the above rulings on plaintiff’s cross-examination, and a new trial should be granted, to be had before a new referee to be appointed by Erie county court.
All concur.